[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-10975
Non-Argument Calendar
_____

D.C. Docket No. 6:12-cr-00014-BAE-GRS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIAM LUTHER DOUGLAS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(September 9, 2013)

Before DUBINA, MARTIN and FAY, Circuit Judges.

PER CURIAM:

Appellant William Luther Douglas appeals the district court's imposition of a 56-month sentence after he pled guilty to one count of being a felon in possession of a gun, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). The presentence investigation report ("PSI") determined his guideline imprisonment range to be 18 to 24 months. However, the probation officer recommended a sentence of 48 months' imprisonment on the bases that (1) the offense involved eight guns, six of which were hidden in the wall behind a bookcase; and (2) Douglas had three prior convictions: a 1983 grand larceny conviction, a 1994 sexual offense in the third degree conviction, and a child molestation conviction, for which he was not imprisoned and he did not count in his criminal history score. The probation officer also noted that each of the sexual offenses involved Douglas's underage daughters. The district court sentenced Douglas to 56 months' imprisonment based on the nature and circumstances of his offense, the need for adequate deterrence, and the need to protect the public from Douglas.

On appeal, Douglas argues that his sentence is substantively unreasonable in light of the sentencing factors. He contends that his prior felonies are substantively unrelated to the instant offense and asserts that there is no evidence of any wrongdoing beyond his possession of the guns. He additionally argues that his prior felonies are too remote in time to be related to the instant offense and

emphasizes that he did not have any intervening convictions. Thus, he submits that the district court erred by overemphasizing his criminal history.

We review the reasonableness of a sentence under a deferential abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 41, 128 S. Ct. 586, 591 (2007). "We may set aside a sentence only if we determine, after giving a full measure of deference to the sentencing judge, that the sentence imposed truly is unreasonable." *United States v. Irey*, 612 F.3d 1160, 1191 (11th Cir. 2010) (*en banc*).

The district court must impose a sentence "sufficient, but not greater than necessary, to comply with the purposes" listed in 18 U.S.C. § 3553(a)(2), including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from the defendant's future criminal conduct. 18 U.S.C. § 3553(a)(2). In imposing a particular sentence, the court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guideline range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. 18 U.S.C. § 3553(a)(1), (3)-(7).

If the district court determines that a sentence outside the applicable guideline range is appropriate, it must consider the extent of the deviation and provide sufficient justification for the degree of the variance. *United States v. Williams*, 526 F.3d 1312, 1322 (11th Cir. 2008). Likewise, although sentences outside the guidelines are not presumed to be unreasonable, "we may take the extent of any variance into our calculus." *United States v. Shaw*, 560 F.3d 1230, 1237 (11th Cir. 2009). However, we "must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Gall*, 552 U.S. at 51, 128 S. Ct. at 597.

"The party challenging the sentence bears the burden to show it is unreasonable in light of the record and the § 3553(a) factors." *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010). In determining a reasonable sentence, the district court may consider facts that have already been taken into account in calculating the defendant's guideline range. *Williams*, 526 F.3d at 1324. The district court is free to consider any information relevant to a defendant's background, character, and conduct in imposing an upward variance. *Tome*, 611 F.3d at 1379.

We reverse only if "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by

4

the facts of the case." *Irey*, 612 F.3d at 1190 (internal quotation marks omitted). "The fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *Gall*, 552 U.S. at 51, 128 S. Ct. at 597. A sentence imposed well below the statutory maximum penalty is an indicator of a reasonable sentence. *See United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008).

Based on our review of the record, we conclude that the district court adequately discussed the sentencing factors and determined that they required an above-the-guidelines sentence. Douglas's offense of unlawfully possessing eight guns and concealing six of them was very serious. Additionally, his history of sexually abusing his daughters demonstrated that he was a threat to his family and society. Thus, the district court appropriately concluded that Douglas's sentence needed to provide adequate deterrence and protect the public from him; therefore, the sentence was substantively reasonable. *See Tome*, 611 F.3d at 1379; *Gall*, 552 U.S. at 51, 128 S.Ct. at 597. Additionally, Douglas's sentence was well below the 10-year statutory maximum sentence, which is an indicator of the reasonableness of his sentence. *See Gonzalez*, 550 F.3d at 1324. For the above-stated reasons, we affirm Douglas's sentence as reasonable.

**AFFIRMED.**